**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO: 3:14-cr-101-J-32JRK

CEDRIC LEVAR BROWN  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Cedric Levar Brown is a 42-year-old inmate incarcerated at Jesup FCI, serving a 180-month term of imprisonment for possession of a firearm by an armed career criminal. (Doc. 65, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on March 1, 2027. Defendant seeks compassionate release because of the Covid-19 pandemic and because he has asthma. (Doc. 89, Renewed Motion for Compassionate Release; Doc. 90, Notice).[1]

---

[1] On May 29, 2020, the Court denied Defendant's first motion for compassionate release without prejudice for lack of exhaustion. (Doc. 88). The record shows that Defendant has since satisfied § 3582(c)(1)(A)'s exhaustion requirement. (See Doc. 89-

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. According to the Centers for Disease Control (CDC), those who have moderate-to-severe asthma <u>might</u> be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions that the CDC confirms increase the risk of severe infection.[2] Defendant has not submitted any records showing that his asthma falls into the moderate-to-severe category, nor does he allege that he suffers from any other underlying conditions that render him susceptible to serious illness from Covid-19. According to the Presentence Investigation Report (PSR), Defendant reported suffering from an asthma attack once or twice a month, but he had no history

---

1 at 1). He submitted a request for compassionate release to the warden of his facility on August 18, 2020, and he filed the motion for compassionate release more than 30 days later, on September 28, 2020.

2    https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

of serious illnesses or hospitalizations. (Doc. 62, Amended Final PSR at ¶¶ 72–73). And according to Defendant's BOP Progress Report, he is classified as a Care Level 1 "healthy or simple chronic care" inmate. (Doc. 90 at 1). Therefore, the Court finds that Defendant has not shown extraordinary and compelling reasons warranting compassionate release.[3]

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant is serving a 15-year mandatory minimum prison sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because he possessed a firearm after being convicted of three serious drug offenses (specifically, the sale or delivery of cocaine). (Doc. 62 at ¶¶ 23, 31, 33). He has served six and a half years of that sentence, with another six and a half years to go (accounting for good time credits).

The Court commends Defendant for receiving no disciplinary reports over the last six months, and for making efforts at self-improvement while in BOP custody. (See Doc. 90). The Court also understands Defendant's concerns about Covid-19. However, Defendant appears to be good health overall, and in view of all the § 3553(a) factors, reducing Defendant's sentence is not warranted at this time.

---

[3] The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

Accordingly, Defendant's Renewed Motion for Compassionate Release (Doc. 89) is **DENIED**.[4]

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of November, 2020.



TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

---

[4] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).