**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                    Case No.:    3:14-cr-101-TJC-MCR

CEDRIC LEVAR BROWN

_____/

## ORDER

This cause is before the Court on Defendant Cedric Levar Brown's fifth Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 103), and two motions to amend (Docs. 104, 105). Defendant is serving a 180-month term of imprisonment under the Armed Career Criminal Act (ACCA) for possession of a firearm by a convicted felon. (Doc. 65, Judgment.) He has filed four previous motions for compassionate release (Docs. 85, 89, 92, 96), all of which have been denied (Docs. 88, 91, 93, 97). He has also collaterally attacked his sentence under 28 U.S.C. § 2255, which the Court denied as well. See Cedric Brown v. United States, No. 3:17-cv-529-TJC-JK (M.D. Fla.).

In the fifth Motion for Compassionate Release (Doc. 103), Defendant seeks a sentence reduction based on the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022). He also asserts that the facts behind his conviction differ from those he admitted under his guilty plea. (Compare Doc. 103 at 2 with Doc. 62, PSR ¶¶ 1–11.) In the motions to amend (Docs. 104,

105), he asks the Court to reduce his sentence based on <u>United States v.</u> <u>Jackson</u>, 36 F.4th 1294 (11th Cir.), <u>vacated</u> <u>sua</u> <u>sponte</u> (11th Cir. Sept. 8, 2022). The United States responded in opposition to the motions. (Doc. 106, Omnibus Response.)

## I.    Motion for Compassionate Release and <u>Concepcion</u>

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). One exception is § 3582(c)(1)(A), which authorizes a court to "reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." <u>United States v. Tinker</u>, 14 F.4th 1234, 1237 (11th Cir. 2021); <u>see also</u> 18 U.S.C. § 3582(c)(1)(A). The Eleventh Circuit instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" <u>United States v. Bryant</u>, 996

F.3d 1243, 1247, 1249 (11th Cir.), <u>cert denied</u>, 142 S. Ct. 583 (2021); <u>see also</u> U.S.S.G. § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons").[1]

In <u>Concepcion</u>, the Supreme Court held "that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." 142 S. Ct. at 2404. <u>Concepcion</u> deals with motions under Section 404 of the First Step Act, not motions under § 3582(c)(1)(A). And <u>Concepcion</u> did not hold that intervening changes in law or fact may render a defendant <u>eligible</u> for relief under the First Step Act. Rather, <u>Concepcion</u> only addressed the type of information a district court may consider in deciding how to exercise its discretion whether to reduce the sentence of an otherwise eligible defendant.

In short, nothing in <u>Concepcion</u> affects the holding in <u>Bryant</u> that, to be eligible for a sentence reduction under § 3582(c)(1)(A), a defendant must satisfy one of the "extraordinary and compelling reasons" defined in U.S.S.G. § 1B1.13, cmt. 1. <u>See Bryant</u>, 996 F.3d at 1247, 1249. Defendant has not done so here. As a result, his fifth Motion for Compassionate Release is due to be denied.

---

[1]      Application Notes 1(A) through 1(C) provide that a terminal illness or a serious medical condition, old age, and certain family circumstances qualify as extraordinary and compelling reasons. Application Note 1(D) provides that extraordinary and compelling reasons exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." <u>Bryant</u>, 996 F.3d at 1248.

## II.     Motions to Amend and <u>Jackson</u>

Defendant also moves to amend his fifth Motion for Compassionate Release to add a sentence-reduction request based on <u>Jackson</u>, 36 F.4th 1294. (Docs. 104, 105.) In <u>Jackson</u>, the Eleventh Circuit held that, in determining whether a prior state drug conviction qualifies as a "serious drug offense" under the ACCA, due process requires courts "to use the iteration of the Controlled Substances Act Schedules incorporated into [18 U.S.C.] § 924(e)(2)(A)(ii)'s definition of 'serious drug offense' in effect when [the defendant] possessed the firearm that undergirds his federal conviction pending before us." 36 F.4th at 1300. Relevant to <u>Jackson</u>, the United States Attorney General removed ioflupane (a cocaine analogue) from the list of federally controlled substances on September 11, 2015, <u>see</u> <u>id.</u> at 1301, but cocaine-related convictions under Florida Statutes Section 893.13(1)(a) encompassed ioflupane until July 1, 2017, <u>id.</u> at 1303. Thus, for defendants who committed their federal felon-in-possession offense on or after September 11, 2015, the Eleventh Circuit held that a pre-July 2017 cocaine-related conviction under Florida Statutes Section 893.13(1)(a) is not a "serious drug offense." <u>See</u> <u>id.</u> at 1301–04.

However, in an unpublished order entered on September 8, 2022, the Eleventh Circuit <u>sua</u> <u>sponte</u> vacated the panel opinion in <u>Jackson</u>. <u>See</u> <u>United States v. Eugene Jackson</u>, No. 21–13963 (11th Cir.), Order of Sept. 8, 2022. The

4

court directed the parties to file supplemental briefing to address <u>McNeill v.</u> <u>United States</u>, 563 U.S. 816 (2011), which held that when evaluating whether a prior state conviction is a "serious drug offense" because it carries a maximum prison sentence of ten or more years, courts must look to the state's law at the time of the prior conviction. <u>Id.</u>

Because the <u>Jackson</u> decision has been vacated, it is of no help to Defendant. And even if <u>Jackson</u> were still good law (or if the Eleventh Circuit were to reaffirm <u>Jackson</u>'s holding), it would not make Defendant eligible for a sentence reduction under § 3582(c)(1)(A) because it does not fit with any of the policy statement's definitions of "extraordinary and compelling reasons." <u>See</u> U.S.S.G. § 1B1.13, cmt. 1.

If Defendant seeks to collaterally attack his sentence, he cannot do so because he has already filed one § 2255 motion – which the Court denied on the merits – and he has not obtained authorization to file a second or successive § 2255 from the Eleventh Circuit. <u>See</u> 28 U.S.C. §§ 2255(h), 2244(b). Without that authorization, the Court lacks jurisdiction to entertain a second or successive § 2255 motion. <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003).

Accordingly, Defendant's fifth Motion for Compassionate Release (Doc. 103) and motions to amend (Docs. 104, 105) are **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of October, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19
Copies:
Counsel and parties of record