**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                           Case No.:    3:14-cr-101-TJC-MCR

CEDRIC LEVAR BROWN

_____/

**ORDER**

This cause is before the Court on Defendant Cedric Levar Brown's "Motion for Post-Trial Relief Pursuant to Federal Rule of Civil Procedure 51(d)(2) and 60(b)(6)." (Doc. 108, "Motion for Post-Trial Relief".) Defendant is serving a 180-month term of imprisonment for possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 65, Judgment.) Defendant was sentenced under the Armed Career Criminal Act (ACCA) based on three prior Florida convictions for the sale or delivery of cocaine. (Doc. 62, Presentence Investigation Report ["PSR"] ¶ 23.) In the Motion for Post-Trial Relief, Defendant argues that his prior Florida convictions are not ACCA-qualifying offenses because they presumptively involved ioflupane (a cocaine analogue), which was removed from the federal controlled substance schedules in September 2015. The government moved to dismiss the motion, arguing that it is effectively a second or successive § 2255 motion, which the Court lacks jurisdiction to entertain. (Doc. 109.)

1

The removal of ioflupane from the federal controlled substance schedules—and its impact on ACCA sentences—was the subject of United States v. Jackson, —— F.4th ——, 2022 WL 17588240 (11th Cir. Dec. 13, 2022). Relevant to this case and Jackson, the United States Attorney General removed ioflupane from the list of federally controlled substances in 2015, but cocaine-related convictions under Florida law encompassed ioflupane up until 2017. Id. at *3 & n.3. In Jackson, the Eleventh Circuit held that the "ACCA's 'serious drug offense' definition incorporates the version of the controlled-substances list in effect when the defendant was convicted of his prior state drug offense." Id. at *1. The Supreme Court's decision in McNeill v. United States, 563 U.S. 816 (2011), requires this conclusion, the court said, "(1) because using the federal controlled-substances schedules in effect at the time the defendant committed the federal firearm offense would 'erase an earlier [state] conviction for ACCA purposes,' in violation of McNeill's reasoning, and (2) because of the way McNeill informs our reading of ACCA's structure," Jackson, 2022 WL 17588240, at *8 (internal citation omitted), which requires a "backward-looking" approach in determining whether a "previous conviction" qualifies as a "violent felony" or "serious drug offense," id. at *8–9. Thus, a pre-2015 cocaine-related conviction under Florida Statutes Section 893.13(1)(a) remains a "serious drug offense" because until 2015, ioflupane was a controlled substance under both Florida law and the federal controlled substance schedules.

2

Defendant's argument is different. He contends that a court deciding whether to apply the ACCA must use the iteration of the federal controlled substance schedules in effect <u>when the defendant was sentenced</u>, not when he was convicted of the prior state drug offense or when he unlawfully possessed the firearm. To support that conclusion, Defendant relies on 18 U.S.C. § 3553(a)(4)(A)(ii), which generally requires district courts to use the sentencing guidelines "in effect on the date the defendant is sentenced." Because ioflupane was removed from the federal controlled substance schedules in 2015 and Defendant was sentenced in 2016, he contends that his cocaine-related prior convictions cannot count as ACCA "serious drug offenses."

Defendant's argument confuses the sentencing guidelines with the ACCA's definition of a "serious drug offense," but the two are distinct and § 3553(a)(4)(A)(ii) makes no reference to the ACCA. Moreover, Defendant's

> argument overlooks the fact that ACCA is concerned with convictions that have already occurred. Whether the prior conviction was for an offense "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" can only be answered by reference to the law under which the defendant was convicted.

<u>McNeill</u>, 563 U.S. at 820. There is no support for Defendant's assertion that whether a prior conviction counts as a "serious drug offense" must be answered by reference to the federal controlled substance schedules in effect at the time of sentencing. This argument is now foreclosed by <u>Jackson</u>, 2022 WL 17588240, at *1, 7–10.

Defendant is not entitled to relief in any event. First, he attempts to use Rules 51(d)(2) and 60(b)(6) of the Federal Rules of Civil Procedure to obtain relief from a criminal judgment. A defendant cannot challenge a criminal judgment under the Federal Rules of Civil Procedure. United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Second, Defendant is collaterally attacking the validity of his sentence, which he cannot do because he has already filed one § 2255 motion—which the Court denied on the merits[1]—and he has not obtained authorization to file a second or successive § 2255 from the Eleventh Circuit. See 28 U.S.C. §§ 2255(h), 2244(b). Without that authorization, the Court lacks jurisdiction to entertain a second or successive § 2255 motion. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Accordingly, Defendant's "Motion for Post-Trial Relief Pursuant to Federal Rule of Civil Procedure 51(d)(2) and 60(b)(6)" (Doc. 108) is **DISMISSED.** The government's Motion to Dismiss (Doc. 109) is **GRANTED.**

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of January, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

---

[1] Cedric L. Brown v. United States, No. 3:17-cv-529-TJC-JK (M.D. Fla.).

lc 19
Copies:
Counsel and parties of record

5